E-FILED
Tuesday, 17 March, 2026  02:24:11 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF ILLINOIS

## PEORIA DIVISION

FILED
MAR 17 2026
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSEPH L. KELLEY, Plaintiff,

v.

VILLAGE OF MORTON, ILLINOIS,

a municipal corporation,

Defendant.

Case No. 26-CV-1103

# PLAINTIFF'S COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff Joseph L. Kelley, proceeding pro se, states as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq.

2. This Court has jurisdiction under 28 U.S.C. §1331 because this action arises under federal law.

3. This Court also has jurisdiction under 29 U.S.C. §626(c).

4. Venue is proper in this district under 28 U.S.C. §1391(b) because the events giving rise to the claims occurred within this district and the Defendant is located within this district.

## II. PARTIES

5. Plaintiff Joseph L. Kelley is an adult resident of Illinois.

6. Defendant Village of Morton, Illinois is a municipal corporation organized under the laws of the State of Illinois and was Plaintiff's employer at all relevant times.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination and retaliation.

8. The charge was dual-filed with the Illinois Department of Human Rights pursuant to the work-sharing agreement between the agencies.

9. The EEOC issued Plaintiff a Notice of Right to Sue dated December 18, 2025.

10. Plaintiff files this action within ninety (90) days of receiving the Notice of Right to Sue.

## IV. FACTUAL ALLEGATIONS

The following facts are alleged upon Plaintiff's personal knowledge except where otherwise indicated, and are presented in chronological order.

11. Plaintiff served the Village of Morton for approximately thirty-three (33) years, including service as Fire Chief.

12. At all relevant times Plaintiff was over the age of forty (40) and therefore a member of a protected class under the ADEA.

13. Plaintiff had a long and successful career with the Village and had not previously been subject to serious disciplinary action.

14. In the months preceding Plaintiff's termination, Village officials and others participated in a meeting concerning retirement eligibility for paramedics.

15. During that meeting an Illinois Municipal Retirement Fund (IMRF) representative stated that Plaintiff was enrolled, by the Village, in the IMRF pension system when his position should have been covered under the statutory Article 4 Firefighter Pension Fund.

16. The discussion raised the possibility that correcting the pension classification could create retroactive financial liability for the Village.

17. Following this discussion Plaintiff experienced a significant change in treatment by Village officials.

18. Plaintiff communicated to the Village trustee responsible for the fire department that he believed that he was being unfairly targeted and that actions taken against him were improper.

19. Plaintiff's concerns were subsequently conveyed to the Village Attorney in Plaintiff's presence.

20. In response to these concerns, Plaintiff requested that the Village consider entering into an employment contract with him.

21. The Village Attorney declined the request and stated that an employment contract benefits the employee and not the Village.

22. The Village did not take meaningful actions to further investigate or address the Plaintiff's stated concerns.

23. Plaintiff was subsequently questioned regarding his residency.

24. During that questioning Plaintiff clearly stated his address and provided information concerning his residence.

25. The Village subsequently verified Plaintiff's residency information through independent inquiry, including verification of the Plaintiff's lease agreements with the landlords associated with the residence.

26. Despite this verification, the Village continued to rely on the residency issue as the stated basis for disciplinary action.

27. The Village later alleged that Plaintiff had moved outside the residency requirement and initiated termination proceedings.

28. Plaintiff maintained that he had not misrepresented his residence and that the Village possessed information confirming his statements.

29. The Village ultimately terminated Plaintiff's employment.

30. Plaintiff was qualified to continue performing the duties of Fire Chief at the time of his termination.

31. Plaintiff alleges that the Village's stated explanation concerning residency was not the true reason for the termination.

32. Plaintiff further alleges that the residency explanation was used as a pretext for unlawful discrimination.

33. Plaintiff was replaced by a younger individual.

34. The successor did not present the same pension related issues that had been discussed concerning the Plaintiff.

35. At the time of the replacement, the successor's residence was outside the residency area required by Village ordinance, and successor was allowed six (6) months to comply with the residency requirement.

36. At the end of the six (6) month period, rather than terminating the successor for violating the residency ordinance, the Village amended the residency ordinance to accommodate the successor's residence.

37. Defendant did not impose the same termination action against the successor that it imposed against Plaintiff.

38. Plaintiff alleges that the residency rule was therefore applied differently to him than to his successor.

39. Plaintiff further alleges that the sequence of events surrounding the pension discussion, the change in treatment, and the reliance on the residency issue demonstrates that the Village's stated explanation was pretextual.

40. Plaintiff alleges that Defendant's stated reason for the termination was not the true reason and that Plaintiff's age was a motivating factor in the decision to terminate his employment.

41. Plaintiff further alleges that the decision to terminate his employment was made by Village officials following internal discussions among Village leadership. The circumstances surrounding those discussions, and the reasons communicated within those deliberations, are within the knowledge and control of Defendant.

42. As a direct result of Defendant's actions, Plaintiff suffered damages including loss of employment, lost wages, lost benefits, and other economic losses.

# COUNT I

## AGE DISCRIMINATION

(Age Discrimination in Employment Act)

43. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

44. Plaintiff was over the age of forty at all relevant times.

45. Defendant terminated Plaintiff's employment.

46. Plaintiff's age and pension-related considerations were motivating factors in Defendant's decision to terminate his employment.

47. Defendant's conduct constitutes unlawful age discrimination in violation of the Age Discrimination in Employment Act.

# COUNT II

## RETALIATION

48. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

49. Plaintiff engaged in protected activity by complaining to Village officials, including the trustee responsible for oversight of the fire department, that he believed that he was being unfairly targeted.

50. Defendant thereafter terminated Plaintiff's employment.

51. Defendant's actions constitute retaliation in violation of the ADEA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff;

B. Award back pay and lost employment benefits;

C. Award liquidated damages as permitted by the ADEA;

D. Order reinstatement to Plaintiff's former position or an equivalent position;

E. Order restoration of Plaintiff's employment status and benefits;

F. Order correction, modification, or expungement of employment records relating to Plaintiff's termination, including relief that would permit Plaintiff to be recognized as retired in good standing;

G. Award costs of this action; and

H. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Joseph L. Kelley

2350 Knox Rd 1675 N

Williamsfield, IL 61489

(309) 208-4542

Plaintiff, Pro Se

Date: March 15, 2026

**EXHIBIT A**
EEOC Notice of Right to Sue letter



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/18/2025

**To:** Joseph Kelley
217 E Idlewood
MORTON, IL 61550
Charge No: 440-2024-11762

EEOC Representative and email:   ROBERT WILK
INVESTIGATOR
ROBERT.WILK@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2024-11762.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
12/18/2025

Amrith Kaur Aakre
District Director

**Cc:**
NA NA
120 N MAIN ST
MORTON, IL 61550

Julie Bruch
IFMK Law, Ltd.
650 Dundee Rd Ste 475
Northbrook, IL 60062-2799

Jeffery Kaufman
Village of Morton
120 North Main Street
Morton, IL 61550


Please retain this Notice for your records.